IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. SallyJean Toutuk Brown*
Case No. 1:18-cr-00015-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant SallyJean Toutuk Brown's Motion for Early Termination of Supervised Release (the "Motion").[1] The United States (the "Government") filed a response indicating its non-opposition to the motion.[2] United States Probation and Pretrial Services ("USPO") is unopposed to the Motion.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On March 21, 2019, Brown pleaded guilty to one count of Possession with the Intent to Distribute Methamphetamine and Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and (C).[4] In the underlying offense, Brown traveled to Sacramento, California to purchase methamphetamine and heroin and returned to Juneau, Alaska with the intent to sell the drugs in Juneau.[5] On August 30, 2019, Brown was sentenced to 24 months of incarceration followed by five years of supervised release.[6] Approximately one and a half years remain on her supervised release.

Brown now moves for early termination of her supervised release on the basis of her "successful rehabilitation" from "drug addiction and associated criminal activity," successful completion of "nearly four years of supervised release," and steady employment history during her supervised release.[7] Brown argues that her "prior run-ins with the law stemmed from struggles with addiction," and that "[s]ubsequent interventions have allowed [her] to turn a new page."[8] She "recently moved home to Haines" and has begun onboarding for a new job with the Alaska Marine Highway System.[9] Brown's motion indicates that USPO supports Brown's request for early termination.[10]

---

[1] Dkt. 53 (Motion for Early Termination of Supervised Release).
[2] Dkt. 54 (Government's Response to Motion for Early Termination of Supervised Release (Non-Opposition)).
[3] Dkt. 53 at 3.
[4] Dkt. 34 (Minute Entry); *see* Dkt. 40 at 7 (Final Presentencing Report).
[5] Dkt. 40 at 7–8.
[6] Dkt. 48 (Minute Entry); Dkt. 50 (Judgment).
[7] Dkt. 53 at 2–3.
[8] *Id.* at 3.
[9] *Id.*
[10] *Id.* ("U.S. Probation is unopposed to early termination of Ms. Brown's supervised release.").

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release.[11] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[12] The Court must also follow Federal Rule of Criminal Procedure 32.1. If the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice," the Court may terminate a term of supervised release after the defendant completes one year of supervised release.[13] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[14]

Having reviewed the briefing in this matter, the Court concludes that early termination of Brown's supervised release is warranted. Given Brown's compliance with her supervised release conditions, her work in her addiction recovery, her strong record of steady employment history, and the Government and USPO's non-opposition, the Court determines that early termination of her supervised release is appropriate.

Accordingly, the Court **GRANTS** the Motion at Docket 53. FURTHER, it is hereby **ORDERED** that Brown's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 20, 2024.

---

[11] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[12] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[13] 18 U.S.C. § 3583(e)(1).
[14] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a)").